# *United States Court of Appeals*
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
Suite 115
**NEW ORLEANS, LA 70130**

March 20, 2025

Mr. Carlos Antonio Delgado
300 S. 4th Street
Suite 600
Los Vehas, NV 89101

    No. 25-60104   Cruz v. Bondi
                         Agency No. A094 287 447

Dear Mr. Delgado,

We have filed the administrative record. PETITIONER'S BRIEF IS DUE WITHIN 40 DAYS FROM THE DATE ABOVE, See Fed. R. App. P. and 5th Cir. R. 28 and 31. Except in the most extraordinary circumstances, the <u>maximum</u> extension for filing briefs is 40 days in agency cases. You may access our briefing checklist on the Fifth Circuit's website "http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/rules/brchecklist.pdf". 5th Cir. R. 42.3.2 allows the clerk to dismiss appeals **without notice** if the brief is not filed on time.

Attached is this court's official caption which must be used for all brief filings. The caption of the brief must exactly match the caption provided and should not be modified in any manner, including the addition of the alien registration number.

<u>Brief Template</u>: The clerk's office offers brief templates and the ability to check the brief for potential deficiencies prior to docketing to assist in the preparation of the brief. To access these options, log in to CM/ECF and from the Utilities menu, select 'Brief Template' (Counsel Only) or 'PDF Check Document'.

Because this is a Board of Immigration Appeals case and that agency has filed the administrative record, an appendix and record excerpts are not required.

**Guidance Regarding Citations for Administrative Records**

See 5th Cir. R. 28.2.2 - You must use the proper citation format when citing to the electronic administrative record.

Within the electronic record, the record citation cited at the bottom left hand side of the page is the proper citation to be used.

An example of a proper record citation format is, "ROA" followed by a period, followed by the page number. For example, "ROA.123". See 5th Cir. R. 28.2.2.

**<u>Reminder as to Sealing Documents on Appeal:</u>** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

        Sincerely,

        LYLE W. CAYCE, Clerk

        By: /s/ Rebecca Leto
        Rebecca Leto, Deputy Clerk
        504-310-7703

Enclosure(s)

cc w/encl:
    Mr. Patrick D. Contreras
    Ms. Lindsay M. Corliss
    Office of Immigration Litigation

P.S. to all counsel: The administrative record is available via the Documents link on the NDA (Notice of Docket Activity) or may be accessed via the Docket Report in Pacer. ***In order to access the Electronic Administrative Record, you MUST be logged into CM/ECF.*** When viewing or downloading the record, please be sure the PDF Header is displaying at the top of the page along with the pagination in the lower left corner. If the header and pagination are not displaying, log in to CM/ECF and from the Utilities menu, select 'Update My Account'. The "Show PDF Header' checkbox must be selected.

Case No. 25-60104

Nidia A. Cruz,

    Petitioner

v.

Pamela Bondi, U.S. Attorney General,

    Respondent